UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHARON BROCKBANK, an individual, | Civil No. 09-00037-EJL |
| Plaintiff, | **MEMORANDUM ORDER** |
| vs. | |
| U.S. BANCORP, a Delaware corporation, d/b/a U.S. BANK, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court in the above-entitled matter are the Defendant's Motion for Summary Judgment and Motion to Strike. The parties have filed responsive briefing and the matters are now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, Sharon Brockbank, worked for Defendant U.S. Bancorp ("U.S. Bank") in Boise, Idaho in various positions for nearly thirty years. (Dkt. No. 1.) After receiving a poor performance review from her supervisor Michael Sullivan in 2007, Ms. Brockbank contacted U.S. Bank's Regional Manager, Robert Tiedemann, complaining of gender and age

discrimination. (Dkt. No. 1.) As a result, Ms. Brockbank alleges Mr. Sullivan retaliated against her by requiring her to meet specific goals under an "Action Plan" that was not required of other younger male employees. (Dkt. No. 1.) Shortly thereafter, Ms. Brockbank filed a charge with the Idaho Human Rights Commission ("IHRC") and Equal Employment Opportunity Commission ("EEOC") and ultimately she filed the Complaint in this case.

On March 18, 2009, U.S. Bank terminated Ms. Brockbank's employment. U.S. Bank maintains the reason for her termination was Ms. Brockbank's misuse of her corporate credit card for personal expenses in violation of U.S. Bank's policies. Ms. Brockbank disputes this reason and argues, instead, that her termination was discriminatory and retaliatory based on her gender and age; Ms. Brockbank was a 62 year old female at the time of her termination. As a result, on January 30, 2009, Ms. Brockbank, initiated this action by filing a Complaint alleging claims for 1) Gender Discrimination and Retaliation pursuant to Title VII, 42 U.S.C. § 2000e-1 et seq. and 2) Age Discrimination in violation the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., ("ADEA"). (Dkt. No. 1.)

Ms. Brockbank alleges she was treated differently from other younger male employees with less experience to whom Mr. Sullivan gave preferential treatment. In particular, she claims, Mr. Sullivan delegated the new lucrative clients to the younger male employees instead of Ms. Brockbank and authorized reimbursements for business expenses for the younger male employees but refused similar reimbursements to Ms. Brockbank. In addition, Ms. Brockbank alleges Mr. Sullivan made comments regarding her appearance in reference to her age. U.S. Bank has filed the instant Motion for Summary Judgment and Motion to Strike which the Court now takes up.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a).[1] "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The party moving for summary judgment has the initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting evidence to show that a genuine issue of fact remains. The party opposing the motion for summary judgment may not rest upon the mere allegations or denials of her pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Id*. at 248. If the non-moving party "fails to make a showing sufficient to establish the

---

[1] Federal Rule of Civil Procedure 56 was revised effective December 1, 2010. Though the Motion for Summary Judgment in this case was filed prior to December 1, 2010, the Court will apply the revised Rule 56 as applying it in this action is not infeasible and does not work an injustice. *See* Fed. R. Civ. P. 86(a)(2)(B).

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" then summary judgment is proper as "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).[2]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.3d 461, 464 (1st Cir. 1975) (quoting *First Nat'l Bank v. Cities Serv. Co. Inc.*, 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. *See, e.g., British Motor Car Distrib. V. San Francisco Automotive Indus. Welfare Fund*, 883 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either

---

[2] *See also,* Rule 56(e) which provides:

(e)  **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
   (1)   give an opportunity to properly support or address the fact;
   (2)   consider the fact undisputed for purposes of the motion;
   (3)   grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
   (4)   issue any other appropriate order.

> party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*Id.* at 374 (citation omitted). Of course, when applying the above standard, the court must view all of the evidence in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255; *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992).

## DISCUSSION

### I.    Legal Analysis Framework

Both the ADEA and Title VII claims raised in the Complaint utilize the burden shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). *See Bergene v. Salt River Project Agr. Imp. and Power Dist.*, 272 F.3d 1136, 1140 (9th Cir. 2001) (Title VII discrimination cases also employ a "system of shifting burdens." ); *Wallis v. J.R. Simplot*, 26 F.3d 885, 889 (9th Cir. 1994). Under this framework, Ms. Brockbank bears the initial burden of demonstrating the elements of the prima facie case for each of her claims which can be accomplished through either direct or circumstantial means. *See Coleman v. The Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000). Upon making this showing, the burden then shifts to U.S. Bank to produce evidence of a legitimate, nondiscriminatory reason for its action. *See  Enlow v. Salem-Keiser Yellow Cab, Inc.*, 389 F.3d 802, 813 (9th Cir. 2004) ("[I]f an employee presents prima facie circumstantial evidence of discrimination, the burden shifts to the employer to produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason."); *Bergene*, 272 F.3d at 1140. The burden then reverts back to Ms. Brockbank to establish that U.S. Bank's legitimate nondiscriminatory reason for termination was merely pretext and that discrimination more likely motivated its decision to terminate.  *See Pottenger v. Potlatch Corp.*, 329 F.3d 740, 747 (9th Cir.

2003). The Court will analyze each claim under this framework below.

## II.    Age Discrimination

The ADEA directs that employers may not "fail or refuse to hire or...discharge any individual [who is at least forty years old] or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). There are "two theories of employment discrimination: disparate treatment and disparate impact." *Enlow*, 389 F.3d at 812  (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993). Ms. Brockbank's claim here alleges disparate treatment.

"Disparate treatment is demonstrated when [t]he employer simply treats some people less favorably than others because of their race, color, religion [or other protected characteristics]." *Endow*, 389 F.3d at 811 (internal quotations and citations omitted). The Supreme Court has instructed that "liability [in a disparate treatment claim] depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000)). Thus, "the plaintiff's age must have actually played a role in [the employer's decision-making] process and had a determinative influence on the outcome." *Id.* (citation omitted). Ms. Brockbank can prove her prima facie case by either direct evidence of discriminatory intent or based on a presumption arising from the factors set forth in the *McDonnell Douglas* burden shifting analysis utilizing circumstantial evidence. *See Wallis*, 26 F.3d at 889. Here, Ms. Brockbank has alleged both.

**A.    Direct Evidence of Prima Facie Case**

Ms. Brockbank argues Defendants fired her because of her age, not any misuse of the company credit card. (Dkt. No. 62, p. 7.) As direct evidence of this claim, Ms. Brockbank cites to her separately filed Statement of Disputed Facts paragraphs A.1.a and A1.2 which state:

> Sullivan stated that Plaintiff dressed too young for her age, made numerous comments about Plaintiff's age (which was 62 at the time of her termination), and afforded the "plum" new trust accounts to the trust officers significantly younger than Plaintiff. *Rogers Depo.* at 52:25-54:1, 110:8-111:13; *Affidavit of Melody Rogers*...at ¶¶ 5-8.

> Sullivan specifically and directly compared Plaintiff and her job performance to younger trust officers. *Brockbank Depo.* at 117:18-120:9.

(Dkt. No. 61, pp. 1-2.)

The first paragraph cites to Melody Rogers' Deposition and Affidavit. Ms. Rogers was employed by U.S. Bank as a Senior Trust Assistant from September 2002 until March of 2005. In that position Ms. Rogers claims to have worked with and observed both Ms. Brockbank and Mr. Sullivan. (Dkt. No. 60.) During her Deposition Ms. Rogers testified regarding the "look on the floor" that Mr. Sullivan wanted and that he would "only want the pretty people up front" and make comments such as someone's clothes were "too young for that person to be wearing...." (Dkt. No. 59, Ex. 25, p. 53.) Later in her Deposition, Ms. Rodgers discussed Mr. Sullivan's comments in relation to Ms. Brockbank specifically which included comments regarding her appearance, hair, and clothes were not "appropriate for her age" and that on three occasions that she "looked ridiculous for her age." (Dkt. No. 59, Ex. 26, po. 110-111.) In her Affidavit, Ms. Rogers further states that Mr. Sullivan made comments regarding Ms. Brockbank's appearance

due to her age and had "different rules for the people he favored." (Dkt. No. 60, ¶¶ 5-6.)[3]

The second citation is to Ms. Brockbank's own Deposition wherein she testified regarding one instance in 2007 while in Mr. Sullivan's office where the two were discussing why Ms. Brockbank had not achieved the desired new business results, Mr. Sullivan stated to Ms. Brockbank "it's not like [your] some young fresh-off-the-street-officer. [You] should have it figured out by now." (Dkt. No. 59, Ex. 23, p. 118-119.) Ms. Brockbank went on to testify she interpreted this comment to be in reference to her age as opposed to her years of experience. A second comment Ms. Brockbank testified to was a "written reference to [her] image as to why [she] wasn't getting the desired new business." (Dkt. No. 59, Ex. 23, p. 120.)

"Direct evidence, in the context of an ADEA claim, is defined as evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude...sufficient to permit the *fact finder* to infer that the attitude was more likely than not a motivating factor in the employer's decision." *Endow*, 389 F.3d at 812 (emphasis in original) (citation omitted). Where discrimination is proven by direct evidence it negates the need to engage in the *McDonnell Douglas* burden shifting analysis. *Id.* (citation omitted).

---

[3] U.S. Bank has filed a Motion to Strike the Affidavit of Melody Rogers. (Dkt. No. 80.) The Motion is made pursuant to Rule 56(e) and asserts Ms. Rogers Affidavit contains inadmissible opinion, hearsay, and statements not within her personal knowledge. In addition, the Motion argues the Affidavit contains improper conclusions of law and ultimate facts which lack supporting foundation. (Dkt. No. 80.) Ms. Brockbank filed a response to the Motion. (Dkt. No. 83.) The Court has reviewed the portions of the Affidavit to which U.S. Bank has objected. The paragraphs mainly relate to Ms. Rogers' recitation of Mr. Sullivan's comments, actions, and conduct. Many of these same comments are also contained in Ms. Rogers' Deposition Testimony, which is not the subject of the Motion to Strike. (Dkt. No. 59, Ex. 15.) In addition, the Plaintiff's Statement of Disputed Facts cites to both the Affidavit and Deposition of Ms. Rogers. (Dkt. No. 61.) Thought the Court has cited to Ms. Rogers' Affidavit for some background, the Court has not relied upon it for purposes of this Motion for Summary Judgment. Instead, the Court has utilized Ms. Rogers' Deposition Testimony. As such, the Court finds the Motion to Strike to be moot.

The direct evidence discussed above, Ms. Brockbank argues, is sufficient to allow a jury to reasonably infer that U.S. Bank discriminated against her when they "negatively affected the terms and conditions of her employment" by diverting new trust accounts away from her, treating younger employees more favorably and paying them more, and ultimately terminating her because of her age. (Dkt. No. 62, pp. 10-11.)[4] The incidents relied on by Ms. Brockbank, however, do not, as a matter of law, directly prove discrimination by Mr. Sullivan or U.S. Bank so as to defeat the Motion for Summary Judgment. Even assuming the facts are as Ms. Brockbank alleges, the comments lack a temporal and contextual connection to Ms. Brockbank's termination such that the fact finder could infer that a discriminatory attitude was more likely than not a motivating factor in the decision to terminate Ms. Brockbank. Therefore, the Court must employ the *McDonnell Douglas* burden shifting analysis to this claim.

## B. Circumstantial Evidence of Prima Facie Case

"To establish a prima facie ADEA case using circumstantial evidence, employees must demonstrate that they were: (1) members of the protected class, that is, at least age 40; (2) performing their jobs satisfactorily; (3) discharged; and (4) replaced by substantially younger employees with equal or inferior qualifications." *Coleman*, 232 F.3d at 1281. Ms. Brockbank must "show through circumstantial, statistical, or direct evidence that the discharge occurred under circumstances giving rise to an inference of age discrimination. This inference can be established by showing the employer had a continuing need for [their] skills and services in that [their] various duties were still being performed' or by showing that others not in [their] protected class were treated more

---

[4] Somewhat confusingly, the citation in the Response Brief is to the section in the Statement of Disputed Facts entitled "Circumstantial Evidence of Age discrimination." (Dkt. No. 62, p. 11) (citing Dkt. No. 61, ¶¶ A.2.a - A.2.k..)

favorably." *Id.* at 1281 (citations and quotations omitted). The parties appear to agree, at least for purposes of this Motion, that Ms. Brockbank can prove all of the elements of the prima facie case with the exception of the questions of whether she was performing her job satisfactorily and whether her termination was because of her age. (Dkt. No. 37, p. 12), (Dkt. No. 62, p. 7.)[5]

### 1) Satisfactory Job Performance

Ms. Brockbank argues her job performance as a trust officer was good and could not have been a basis for her termination. (Dkt. No. 62, p. 8.) In support of this argument she cites again to her Statement of Disputed Facts paragraphs C.1-C.2 and D.1-D.6. (Dkt. No. 61.) In the "C" paragraphs of the Statement of Disputed Facts, Ms. Brockbank contends her job performance is "irrelevant" with respect to her wrongful termination because the only reason U.S. Bank has given for her termination is her misuse of her company credit card and maintains that Mr. Sullivan was "specifically involved in the decision to terminate...." (Dkt. No. 61, pp. 6-7.) In particular, the Statement of Disputed Facts cites to U.S. Bank's Answer to Interrogatory Number 11 which states, in part:

> Plaintiff was terminated due to abuse of her corporate credit card. Darlene Bills, Human Resources Manager, and Michael Sullivan, Senior Vice-President and Market Leader of the Private Client Group, U.S. Bank, were involved and concurred in the determination to terminate plaintiff for abuse of her corporate credit card.
>
> In a meeting on March 18, 2009, Darlene Bills and Mike Sullivan reviewed with Plaintiff her corporate credit card statement. Plaintiff admitted to making personal charges on her corporate credit card which is specifically prohibited in the Code of Ethics. Plaintiff was terminated on March 18, 2009 for admitting to making personal charges on her corporate credit card.

(Dkt. No. 61, citing Aff. of Counsel, Dkt. No. 59, Ex. 1, Answer to Interrogatory No. 11.)

---

[5] U.S. Bank concedes that Ms. Brockbank was over the age of 40 at the time of her termination. (Dkt. No. 37, p. 12.)

In the "D" paragraphs of the Statement of Disputed Facts, Ms. Brockbank represents her job performance was more than satisfactory and was not a factor in her termination. (Dkt. No. 61, p. 7.) The Complaint itself further alleges the only negative performance review she received was from Mr. Sullivan in 2007 which, she argues, related to the disparate treatment Ms. Brockbank was subject to concerning the inclusion of "one-time fees." (Dkt. No. 1, pp. 3-4.)

U.S. Bank, counters that Ms. Brockbank's job performance as Trust Relationship Manager was "poor." (Dkt. No. 37, p. 6-7, 12.) In particular, U.S. Bank argues Ms. Brockbank was "counseled numerous times about her prior work performance," "a consistent underperformer," "refused to obtain further certification," failed to meet all of the goals assigned to her, was "frequently out of the office," did personal business at the office, "disregarded her supervisor's instructions," and misused her company credit card. (Dkt. No. 37, pp. 6-7.) U.S. Bank does not cite to the record in support of these arguments but instead points to the lack of evidence identified by Ms. Brockbank in the record to dispute that she violated company policy and that she, like others, were terminated for similar violations. (Dkt. No. 74, p. 4.) U.S. Bank further challenges Ms. Brockbank's reliance upon her Statement of Disputed Facts arguing the conclusory factual interpretations it contains lack factual support in the record. (Dkt. No. 74, pp. 3-4.)[6]

Having reviewed the parties' arguments, the Court finds a genuine issue of material fact has been show as to this element of Ms. Brockbank's prima facie case. Whether or not she can prove she was performing her job satisfactorily turns on factual

---

[6] U.S. Bank also argues the Statement of Disputed Facts violates the Local Rule Local Rule 7.1(a)(2) sets forth the page limitations for filing memorandums in motion practice in this district and states "[t]he use of small fonts and/or minimal spacing to comply with the page limitation is not acceptable." The filing here contains numerous single spaced paragraphs. (Dkt. No. 61.) This format is not so egregious as to necessitate any action by the Court at this time.

disputes. The factual questions surrounding Ms. Brockbank's travel hours, ability to meet company goals, achieve the Action Plan, and the like are disputed by the parties. Though U.S. Bank's contention that misuse of the company credit card, in and of itself, may justify finding Ms. Brockbank was not performing her job satisfactorily, Ms. Brockbank disputes whether she violated the credit card use policy and that such a violation was the reason for her termination. (Dkt. No. 62, pp. 2-3.) On the record here, the Court cannot conclude as a matter of law that Ms. Brockbank can not prove this element of her prima facie case. Ms. Brockbank has pointed to portions in the record wherein a jury could find that she was performing her job satisfactorily and/or had not violated the credit card policy.

### 2) Termination Was Because of Age

As to whether Ms. Brockbank can show her termination was because of her age, she argues the circumstantial evidence demonstrates that younger employees were treated better, received higher pay, had better work hours, were given the "plum" accounts, and were considered more in line with Mr. Sullivan's image for his department. (Dkt. No. 62, p. 11) (citing Dkt. No. 61, ¶¶ A.2.a-k.) The "A" paragraphs of the Statement of Disputed Facts point to the Deposition testimony of several U.S. Bank employees who purportedly worked with Mr. Sullivan. Ms. Brockbank claims the depositions of these individuals evidences that Mr. Sullivan gave preferential treatment to younger employees and made "age-based comments" about older employees including Ms. Brockbank. (Dkt. No. 61, ¶ A.2a-k.)

U.S. Bank counters that Ms. Brockbank has failed to show her termination was because of the alleged age discrimination; i.e. "that the discharge occurred under circumstances giving rise to an inference of age discrimination." (Dkt. No. 37, p. 9.) The

discharge, U.S. Bank maintains, was because of Ms. Brockbank's misuse of her company credit card. U.S. Bank points to the Affidavit of Darlene Bills who stated that other employees were similarly terminated for such credit card misuse. (Dkt. No. 37, p. 12.) Further, U.S. Bank argues Mr. Sullivan's "stray remarks" relied upon by Ms. Brockbank were not related to her termination or age. (Dkt. No. 74, p. 5.) Moreover, U.S. Bank maintains there has been no evidence to indicate Mr. Sullivan had anything to do with the decision to terminate Ms. Brockbank. (Dkt. No. 74, pp. 6-7.)

Ms. Brockbank counters pointing again to U.S. Bank's Answer to Interrogatory Number 11 wherein it states that Mr. Sullivan was present at the March 18, 2009 meeting where she was terminated and further states that Mr. Sullivan was "involved and concurred in the determination to terminate plaintiff for abuse of her corporate credit card." (Dkt. No. 59, Ex. 1.) Though this is consistent with U.S. Bank's position that the termination was for misuse of her corporate credit card, U.S. Bank's Answer to Interrogatory Number 11 also indicates Mr. Sullivan was "involved and concurred in the determination to terminate" Ms. Brockbank. U.S. Bank counters that although Mr. Sullivan was present, the decision to terminate Ms. Brockbank was made by Darlene Bills. (Dkt. No. 74, p. 7.)

In her Deposition, Ms. Bills discussed her investigation into Ms. Brockbank's alleged misuse of her company credit card. (Dkt. No. 40, Ex. A.) Her testimony confirms that Mr. Sullivan was involved in the investigation into the alleged misuse of the company credit card and was present at the March 18, 2009 meeting where Ms. Brockbank was terminated. However, Ms. Bills' testimony does not answer one way or another whether or not Mr. Sullivan had a role in the decision to terminate Ms. Brockbank. In viewing the evidence in the light most favorable to the non-moving party,

the Court finds that Ms. Brockbank has pointed to evidence that Mr. Sullivan may have been involved with the termination decision. As such, the Court will consider whether the evidence relating to Mr. Sullivan's conduct and comments support Ms. Brockbank's claim.

Having reviewed the portions of the record cited to by Ms. Brockbank, however, the Court concludes Ms. Brockbank has failed to point to evidence upon which a jury may find her termination was because of her age. Ms. Brockbank relies mainly upon citations in her Statement of Disputed Facts to her own deposition testimony and that of Ms. Rogers as well as other U.S. Bank employees. (Dkt. No. 61, ¶ A.2.a-k.) The Court has reviewed the deposition testimony cited in these paragraphs and concludes they do not support a reasonable jury finding that Ms. Brockbank's termination was because of her age. (Dkt. No. 61, Depos. Brockbank, Bradford, Horvath, Risner, Rogers, Turner, and Williamson.) In particular, the Court reviewed in detail the Depositions of Ms. Brockbank and Ms. Rogers and concludes they do not support a finding that Ms. Brockbank's termination was because of her age.

The statements and actions of Mr. Sullivan relied upon by Ms. Brockbank to show age discrimination simply do not have anything to do with her age. Mr. Sullivan's comments regarding image, appearance, and the like do not demonstrate any age discriminatory motive by Mr. Sullivan or U.S. Bank. Further, any statements concerning Mr. Sullivan sending people to "spy" on Ms. Brockbank or that he was "out to get" her are also not tied to anything indicating age based discrimination. So too as to the allegations regarding higher pay, better work hours, and the "plum" accounts being given to younger workers. The allegation that these comments evidence age discrimination are not supported by the deposition testimony cited in the Statement of Disputed Facts. (Dkt.

No. 61, ¶ A.2.) For instance, when asked about whether Mr. Sullivan gave preferential treatment to another younger employee, Ms. Risner responded that the younger employee had been given an enclosed office. However, Ms. Risner went on to testify that she had never held the opinion that Mr. Sullivan afforded preferential treatment to younger employees. (Dkt. No. 59, Depo. Risner, pp. 63, 65.) The citations in the Statement of Disputed Facts are isolated statements that have been patched together in an attempt to demonstrate this element of the prima facie case. When read in context, however, the deposition transcripts simply do not provide a basis upon which a reasonable jury could determine that Ms. Brockbank's termination was based on her age. As such, the Court finds as a matter of law that Ms. Brockbank has not proven this element of her prima facie case. Upon that basis, the Motion is granted.

### C. Legitimate Reason

Even if Ms. Brockbank could prove the elements of her prima facie case, the Court finds U.S. Bank has shown a legitimate reason for her termination. U.S. Bank argues Ms. Brockbank was terminated solely because of her misuse of the company credit card in violation of its policies. Alternatively, U.S. Bank notes there is ample evidence of Ms. Brockbank's poor performance which are legitimate reasons for her termination. (Dkt. No. 74, p. 9 n. 3.) The burden would then shift back to Ms. Brockbank to show pretext.

### D. Pretext

To show pretext, Ms. Brockbank would need to produce sufficient evidence to raise a triable issue of fact as to whether the reasons proffered by U.S. Bank for her termination were a pretext for discrimination. "A plaintiff 'may prove pretext either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy

of credence.'" *Bodett v. Coxcom, Ind.*, 366 F.3d 736, 743 (9th Cir. 2004) (citing *Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1196 (9th Cir. 2003) (citation omitted)). The evidence proffered can be circumstantial or direct. *Id.* (citing *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221-22 (9th Cir. 1998)). "When the plaintiff offers direct evidence of discriminatory motive, a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial.... Direct evidence is evidence, which, if believed, proves the fact of discriminatory animus without inference or presumption." *Id.* at 744 (citation omitted). "[W]here direct evidence is unavailable, however, the plaintiff may come forward with circumstantial evidence ... to show that the employer's proffered motives were not the actual motives because they are inconsistent or otherwise not believable. Such evidence ... must be 'specific' and 'substantial' in order to create a triable issue with respect to whether the employer intended to discriminate on the basis of [a prohibited ground]." *Id.* (citation omitted).

Though a plaintiff may rely upon the same evidence used to establish the prima facie case, they must do more than simply deny the defendant's stated justification for the termination and they must offer "specific substantial evidence of pretext." *Coleman*, 232 F.3d at 1282 (quoting *Wallis*, 26 F.3d at 890). To satisfy its burden, a plaintiff must "produce enough evidence to allow a reasonable factfinder to conclude either: (a) that the alleged reason for [the] discharge was false, or (b) that the true reason for his discharge was a discriminatory one." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918 (9th Cir. 1996).

Here, Ms. Brockbank again cites to her Statement of Disputed Facts arguing the misuse of her company credit card was not the basis for her termination. (Dkt. No. 62, p. 8) (citing Dkt. No. 61, ¶¶ B.1-B.11.) In these paragraphs, Ms. Brockbank generally argues

1) she never misused her company credit card or requested reimbursements in violation of U.S. Bank's policies, 2) Mr. Sullivan approved her requested reimbursements only after long periods of delay, 3) she paid off the credit card balance after her termination, 4) other bank employees, including Mr. Sullivan, charged personal expenses on their company credit cards without being terminated, 5) Ms. Brockbank was the only employee terminated for placing personal expenses on her credit card, and 6) the disputed charges on Ms. Brockbank's company credit card were for work related expenses. (Dkt. No. 61.) In support of these arguments, Ms. Brockbank cites to portions of Deposition testimony of Ms. Brockbank, Mr. Sullivan, Ms. Bills, Ms. Hogaboom, Ms. Pierce, Ms. Rogers, Ms. Horvath, and others. (Dkt. No. 61, pp. 4-6.)

U.S. Bank counters that there has been no evidence to indicate Ms. Brockbank's termination was pretextually based on age, let alone "specific and substantial evidence." (Dkt. No. 74, p. 9.) Again, U.S. Bank maintains the sole reason for her termination was her violation of the company policy for credit card use and, if not, her poor performance alone was a sufficient legitimate reason for her termination. (Dkt. No. 74, p. 9 n. 3.)

On the record here, the Court finds Ms. Brockbank fails to present "specific and substantial evidence" creating a triable issue with respect to whether U.S. Bank's alleged reason for discharges was false or the true reason for the discharge was a discriminatory one. *Coleman*, 232 F.3d at 1282, *Nidds*, 113 F.3d at 918. As with the Court's finding above on the prima facie case, the deposition testimony cited to in Ms. Brockbank's Statement of Disputed Facts does not support a finding of pretext. Ms. Brockbank points to nothing in the record to show that the employer's proffered motives were not the actual motives because they are inconsistent or otherwise not believable. U.S. Bank has consistently maintained its reason for terminating Ms. Brockbank was her misuse of the

company credit card in violation of U.S. Bank policy. Even if the parties disagree over whether or not Ms. Brockbank's actions in fact violated the policy, such disagreement does not give rise to an inference let alone a finding that her termination was because of her age. Moreover, the comments and remarks attributed to Mr. Sullivan do not suggest a discriminatory motive for Ms. Brockbank's termination apart from the alleged misuse of the company credit card.

"Stray" remarks alone are insufficient to establish discrimination. *See Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438 (9th Cir.1990) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 252 (1989)). Though Ms. Brockbank alleges Mr. Sullivan regularly made comments regarding her appearance and the image he wanted on the bank floor, the depositions do not reveal evidence that such remarks were in relation to Ms. Brockbank's age and/or her termination. Even when combining such alleged remarks with Ms. Brockbank's other arguments of pretext, the Court finds the evidence of aged based discrimination is lacking. *See Shager v. Upjohn Co.*, 913 F.2d 398, 403 (7th Cir. 1990) (When combined with other evidence of pretext, an otherwise stray remark may create an ensemble sufficient to defeat summary judgment.). The deposition testimonies cited to by Ms. Brockbank do not support her claims that Mr. Sullivan favored younger employees by giving them favorable work hours, accounts, and the like. Even if such favoritism to younger employees was shown in the testimony, it is not tied or linked to Ms. Brockbank's termination. Moreover, the allegations that Mr. Sullivan was "out to get" and did not like Ms. Brockbank and that others should not try to "save" her were, again, not tied to any aged based motivation for her termination. In particular, when read in context, the Depositions of Ms. Risner and Mr. Turner do not support a conclusion of age discrimination. (Dkt. No. 59, Exs. 7, 16.)

Based on the foregoing, the Court finds Ms. Brockbank has failed to point to evidence supporting the element of her prima facie case that her termination was based on age and, regardless, she has failed to produce enough evidence to allow a reasonable factfinder to conclude either that the alleged reason for the discharge was false or that the true reason for her discharge was a discriminatory one. *Nidds*, 113 F.3d at 918. Accordingly, the Motion for Summary Judgment on this claim is granted.

### III.    Gender Discrimination and Retaliation under Title VII

#### A.    Prima Facia Case

"Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, prohibits employers from failing or refusing to hire or discharging 'any individual ... because of such individual's ... sex.'" *Palmer v. Pioneer Inn Associates, Ltd.*, 338 F.3d 981, 984 (9th Cir. 2003) (citing § 2000e-2(a)(1)) (citation omitted). "Title VII defines discrimination 'because of sex' as including discrimination 'because of or on the basis of pregnancy, childbirth, or related medical conditions.'" *Id.* (citing § 2000e(k)) (citation omitted). The plaintiff bears the initial burden of establishing a prima facie case by showing that: (1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *Id.; see also Bodett v. Coxcom, Ind.*, 366 F.3d 736, 743 (9th Cir. 2004).

As with the ADEA claim above, Ms. Brockbank may establish a prima facie case either "through the framework set forth in *McDonnell Douglas Corp.*" or by showing "direct evidence of discriminatory intent." *Id.* (citing *Vasquez v. County of L.A.*, 307 F.3d 884, 889 (9th Cir. 2002) (citation footnote omitted)). "Establishing a prima facie Title VII

case in response to a motion for summary judgment requires only 'minimal' proof and 'does not even need to rise to the level of a preponderance of the evidence.'" *Id.* (citing *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994); *Lowe v. City of Monrovia*, 775 F.2d 998, 1009 (9th Cir. 1985) ("[S]ummary judgment for the defendant will ordinarily not be appropriate on any ground relating to the merits because the crux of a Title VII dispute is the 'elusive factual question of intentional discrimination.'")) (citation omitted).

Ms. Brockbank has not offered direct evidence of discriminatory intent and, therefore, must satisfy the *McDonnell Douglas* test. U.S. Bank asserts Ms. Brockbank has failed to establish a prima facia case because 1) her job performance was not satisfactory and 2) there is no evidence, only mere speculation, that she was treated differently from other similarly situated employees. (Dkt. No. 37, p. 5.) Ms. Brockbank counters that she was performing her job satisfactorily, other similar male employees were treated more favorably, and she was subject to a hostile work environment. (Dkt. No. 62, pp. 12-13.)

In viewing the evidence in the light most favorable to Ms. Brockbank, the Court concludes Ms. Brockbank, as a woman, has shown she is a part of a protected class and was terminated. The Court also agrees, as it concluded above in discussing the age discrimination claim, that Ms. Brockbank has pointed to evidence, though disputed, upon which a jury could find she was performing within U.S. Bank's expectations. The Court finds that Ms. Brockbank has not, however, demonstrated she may have been treated differently than other similarly situated employees or that there exists other circumstances surrounding the adverse employment action giving rise to an inference of discrimination. Similarly, there is no evidence of a hostile work environment.

In her Statement of Disputed Facts, Ms. Brockbank cites to deposition testimony purportedly showing Mr. Sullivan gave preferential treatment to two younger male employees; Greg Aas and Greg Powers. (Dkt. No. 61, ¶ A.3.a-b, d.) Such preferential treatment was in the form of awarding new and better trust accounts to these male employees instead of Ms. Brockbank. In addition, Ms. Brockbank points to the alleged remarks of Mr. Sullivan that he was "out to get" and "did not like" Ms. Brockbank. (Dkt. No. 61, ¶ A3.c.) Again, these actions and statements are not tied in any way to Ms. Brockbank's gender. (Dkt. No. 59, Depo. Risner, pp. 19-25.) The alleged conversations involving Mr. Sullivan were made in regards to Ms. Brockbank's hours, flexibility, and the like; not any gender based animus. Though made in comparison to Mr. Aas' hours and work flexibility, the testimony reveals nothing regarding any gender discrimination by Mr. Sullivan or U.S. Bank. For example, Ms. Brockbank's citations to the Deposition of David Turner do not indicate any gender based discrimination. (Dkt. No. 61, ¶ A3.a, c, d) (citing Dkt. No. 59, Depo. Turner, pp. 33, 46, 61.) Again, when viewing the particular citations in isolation they could appear to indicate discrimination. However, when reading the deposition statements in context they do not support the allegations in the Statement of Disputed Facts. As such, the Court finds Ms. Brockbank has failed to point to evidence in the record of any gender based discrimination and, therefore, has failed to demonstrate this element of her prima facie case. Accordingly, the Motion is granted. Were the Court to have found the prima facie case had been shown, the burden would now shift to U.S. Bank to set forth legitimate non-discriminatory motives for her termination.

### B. Legitimate Reason

U.S. Bank maintains its decision to terminate Ms. Brockbank was based upon her credit card misuse. (Dkt. No. 37.) These grounds essentially rest upon the arguments previously articulated; that Ms. Brockbank made personal charges on her company credit card in clear violation of company policy. Alternatively, Defendants maintain that even assuming Ms. Brockbank did not misuse her credit card, her poor work performance history was sufficient as a legitimate basis for her termination. (Dkt. NO. 74, p. 9 n. 3.) Ms. Brockbank argues there are disputed issues of fact as to these reasons; arguing she did not misuse the company credit card, any misuse was no different than other employees who had not been terminated, and she did not have a poor work performance history. Again, because U.S. Bank has set forth non-discriminatory reasons for the termination unrelated to Ms. Brockbank's gender or age, the Court finds U.S. Bank has articulated legitimate non-discriminatory reasons for the termination.

### C. Pretext

The issue now turns to whether Ms. Brockbank has produced sufficient evidence to raise a triable issue of fact as to whether the reasons proffered by Defendants for terminating her employment were a pretext for discrimination. The standard for proving pretext on this claim is the same as stated above as to the ADEA claim. "A plaintiff 'may prove pretext either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Bodett*, 366 F.3d at 743 (citation omitted).

U.S. Bank asserts Ms. Brockbank has failed to offer specific and substantial evidence that her termination was pretextually based on her gender. (Dkt. No. 74, p. 9.) Maintaining the sole reason for her termination was her violation of the company policy

for credit card use and, if not, her poor performance alone was a sufficient legitimate reason for her termination. (Dkt. No. 74, p. 9 n. 3.) Ms. Brockbank points to paragraphs B.1-B.11 of her Statement of Disputed Facts to support her claim for pretext. (Dkt. No. 62, p. 15.) These paragraphs cite to deposition testimony generally purporting to dispute whether Ms. Brockbank's use of the company credit card was in violation of U.S. Bank policy and was any different from that of other employees, including Mr. Sullivan. In addition, the paragraphs claim Mr. Sullivan improperly delayed approving Ms. Brockbank's reimbursements. (Dkt. No. 61, ¶¶ B.1-B.11.) The Court has reviewed the depositions cited to and concludes they simply do not point to any evidence of gender discrimination. These deposition testimonies, again when read in context, do not contain evidence of a discriminatory motive on the part of U.S. Bank or Mr. Sullivan based on gender. Again, regardless of whether or not Ms. Brockbank's use of her company credit card was in violation of U.S. Bank policy, the fact remains there is nothing cited to in the record indicating gender discrimination by U.S. Bank. Ms. Brockbank's conclusions in her Statement of Disputed Facts are based on citations to the record containing isolated responses which, when read in their entirety, do not evidence gender based discrimination. Accordingly, the Court grants the Motion for Summary Judgment on this claim.

## **ORDER**

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) Defendant's Motion for Summary Judgment (Docket No. 36) is

    **GRANTED**. This matter is **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**.

2)       Defendant's Motion to Strike (Dkt. No. 80) is **MOOT**.

3)       The Trial set for July 19, 2011 is **VACATED**.

DATED: **June 24, 2011**

Honorable Edward J. Lodge
U. S. District Judge